**In re Paul J. DEL VECCHIO and Jacqueline Del Vecchio, Debtors.**

**Paul J. DEL VECCHIO and Jacqueline Del Vecchio, Plaintiffs,**

v.

**ATICO SAVINGS BANK, Defendant.**

**Bankruptcy No. 88–02838–BKC–TCB. Adv. No. 89–0185–BKC–TCB–A.**

United States Bankruptcy Court, S.D. Florida.

June 5, 1989.

Rotella & Boone, P.A., Gary J. Rotella, Ft. Lauderdale, Fla., for plaintiffs.

Stearns Weaver Miller, Miller Weissler Alhadeff & Sitterson, P.A., Robert A. Mark, Miami, Fla., for defendant.

### MEMORANDUM DECISION

THOMAS C. BRITTON, Chief Judge.

These voluntary chapter 7 debtors seek, in this adversary proceeding, the "cancellation and avoidance of" a $77,500 prepetition State court judgment in favor of the defendant bank. Defendant's motion to dismiss (CP 4) was heard, May 25, before trial.

For the reasons which follow, the motion is granted and this complaint is dismissed without leave to amend, but without prejudice to State court proceedings under *Fla. Stat.* § 55.145[1] and without prejudice to

1. "At any time after one (1) year has elapsed since a bankrupt or debtor was discharged from his debts, pursuant to the Act of Congress relating to Bankruptcy, the bankrupt or debtor, his receiver or trustee, or any interested party may petition the Court in which the judgment was rendered against such bankrupt or debtor for an order to cancel and discharge such judgment. The petition shall be accompanied by a certified copy of the discharge of said bankrupt or by a certified copy of the order of confirmation of the arrangement filed by said debtor. The peti-
tion, accompanied by copies of the papers upon which it was made, shall be served upon the judgment creditor in the manner prescribed for service of process in a civil action. If it appears upon the hearing that the bankrupt or debtor has been discharged from the payment of that judgment or of the debt upon which it was recovered, the Court shall enter an order canceling and discharging said judgment. The order of cancellation and discharge shall have the same effect as a satisfaction of judgment and a

any proceedings to void any lien upon other grounds which may be applicable under bankruptcy law.

### The Complaint Though Ambiguous Is Under § 522(f)(1)

Section 522(f) contains two alternative and completely different causes of action, § 522(f)(1) and § 522(f)(2).[2]

> Though the complaint (¶ 2) alleges that: "this action is filed by the Debtor to avoid a nonpossessory, nonpurchase money security interest in household and personal goods"

and thus appears to seek relief under § 522(f)(2), no remaining allegation supports that assertion and all remaining allegations, including the prayer for relief, as well as the oral argument of plaintiffs' counsel make it clear that plaintiffs are proceeding on § 522(f)(1). I have assumed the latter for the purposes of this hearing and this Order.

### The Relevant Facts

The facts are those pleaded by plaintiffs, as clarified by plaintiffs or conceded by defendant at the hearing, and those of which this court takes judicial notice from its records. Fed.R.Evid. 201; *State of Florida v. Charley Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir.1975). The relevant facts are:

On August 11, 1986, the debtor husband acquired a single-family residence in Boca Raton, which was occupied by both debtors continuously as their residence from that date to the filing of this complaint on April 21, 1989.

That property is now and has been since the date of its acquisition a Florida Homestead, protected by Art. X, § 4 *Fla. Const.*

On March 16, 1988 defendant obtained a $77,500 judgment against the debtor husband[3] in the Florida Circuit Court for Palm Beach County. The judgment was not based upon a purchase money mortgage.

The debtors filed a voluntary chapter 7 bankruptcy petition on July 20, 1988, claiming and receiving, as of that date, the foregoing Homestead Exemption. They received a bankruptcy discharge on November 11, 1988. There has been no effort to enforce the judgment against the Homestead or otherwise and none has been threatened or is presently contemplated.

The only "impairment" of the Homestead exemption claimed by plaintiffs is that if they tried to sell their residence, the judgment might "interfere" with the sale. They have made no effort to sell their residence and contemplate no sale.

### Plaintiffs Seek More Than § 522(f)(1) Permits

Plaintiffs acknowledge that they seek from this court now the equivalent of a State court "order of cancellation and discharge" under *Fla.Stat.* § 55.145, *supra* n. 1, the cancellation of the judgment from the Florida property records and the equivalent under that statute of a satisfaction of the judgment.

---

certified copy thereof may be recorded in the same manner as a satisfaction of judgment. This section shall apply only to liens under judgments or obligations duly scheduled in the bankruptcy proceedings."

2. "Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is

  (1) a judicial lien; or
  (2) a nonpossessory, nonpurchase-money security interest in any
  (A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are

held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
  (B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
  (C) professionally prescribed health aids for the debtor or a dependent of the debtor." § 522(f).

3. The complaint (¶ 3) ambiguously alleges that the judgment is against the "plaintiff". It is clear, however, from the rest of the complaint that "plaintiff" means the debtor husband, who also acquired the real property in question and resides there "as head of the household with his wife", the other debtor/plaintiff.

They do not seek the only relief permitted by § 522(f)(1): "the avoid[ance] [of] the fixing of [the judgment] lien". The Florida Constitution itself provides that relief:

> "no judgment, decree or execution shall be a lien thereon ...".

The relief plaintiffs seek would prevent defendant's judgment *ever* attaching to this property, if and when it later loses its Homestead status, or to *any other property ever acquired by the judgment debtor*. Section 522(f)(1) does not authorize this court to give *that* relief.

Furthermore, no relief whatsoever is authorized under § 522(f)(1) except "to the extent that [a judgment] lien impairs an exemption." The possibility that a judgment, which is *not* a lien might in the future "interfere" with a possible, but not presently contemplated, future sale of the debtors' Homestead, does not now "impair" the exemption already granted these debtors by this court.

At the hearing, plaintiffs also explained that the relief available to them after November 10, 1989, in the State court under the Florida Statute, is more costly and would take longer, than would be required in this court. This court has no general warrant to displace State Courts. Any time it does so, this court jeopardizes its ability to provide speedy and inexpensive relief in those areas it alone is charged with.

DONE AND ORDERED.